UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENRIQUE RODRIGUEZ
LUIS MILLA
KEVIN HERNANDEZ TREJO
OSCAR SALAS
DAVID MENDEZ,

          Plaintiffs,          Case No. 22-cv-0223-bhl

  v.

EXPERT HOME EXTERIORS, LLC, and
ROBERTO ESPINAL, JR.,

          Defendants.

## ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT

During the summer of 2021, Plaintiffs, who are construction workers, traveled from their homes in Virginia to Wisconsin, to work for Defendant Expert Home Exteriors, LCC (Expert Home Exteriors) and its owner, Roberto Espinal, Jr. (Espinal), on two construction projects over six weeks. The first project was for defendants directly. The second project also involved Seamless Siding, LLC (Seamless Siding), an entity that served as general contractor. The defendants failed to pay Plaintiffs' wages on both projects. On February 23, 2022, Plaintiffs filed a four-count complaint against Expert Home Exteriors and Espinal, for defendants' failure to pay minimum wages and overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* (Count I). Plaintiffs further alleged that defendants violated Wisconsin's wage and hour laws, Wis. Stat. §103.455, §109.03(1), §109.03(5) (Count II); Wisconsin's Theft by Contractor statute, Wis. Stat. §779.02(5) (Count III); and Wisconsin's Civil Theft statute, Wis. Stat. §895.446 and §943.20 (Count IV). (ECF No. 1.)

Despite accepting service on March 3, 2022, Expert Home Exteriors has never appeared in this case. (ECF No. 9-1.) Under Rule 12, a defendant must serve an answer or other responsive pleading within 21 days after it has been served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Expert Home Exteriors has not filed any timely responsive pleading or sent any

response to the complaint to Plaintiffs' counsel. (ECF. No. 9, at ¶2.) Accordingly, on May 19, 2022, Plaintiffs moved for default judgment under Rule 55(b)(2) as to Expert Home Exteriors. Plaintiffs' motion indicated they were still in the process of serving Espinal by publication. (ECF No. 8, n.1.) On May 20, 2022, the Clerk of Court entered a default pursuant to Fed. R. Civ. P. 55(a) against Expert Home Exteriors.

On October 7, 2022, the Court granted Plaintiffs' motion for an extension of time to serve Espinal. (ECF No. 13.) On October 27, 2022, the Court granted Plaintiffs' request to complete service on Espinal by publication. (ECF No. 17.) Plaintiffs have confirmed that they mailed the publication summons to the Kenosha News on November 2, 2022, and that the publication summons was published on November 9, November 16, and November 23, 2022. (ECF No. 21 at ¶2.) On November 2, 2022, Plaintiffs also mailed the publication summons along with a copy of the complaint to Espinal at his last known address. (*Id.* at ¶3.) To date, Espinal has failed to plead or otherwise defend against the Complaint. On December 20, 2022, Plaintiffs asked the Clerk to enter default against Espinal and moved for entry of default judgment. (ECF No. 19.) On December 21, 2022, the Clerk of Court entered a default pursuant against Espinal.

As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiffs as to each cause of action alleged in the complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.") Once a plaintiff is entitled to default judgment, the district court's remaining inquiry is limited to determine the amount of damages that plaintiff is entitled to. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Courts can rely upon the factual allegations in the complaint as the factual basis to compute the amount of damages owed on a default judgment. *See Turentine v. Am. Glob. Mgmt., LLC*, No. 1:19-cv-01753-JPH-DLP, 2020 WL 551115, *2 (S.D. Ind. Feb. 4, 2020).

The complaint alleges that Espinal was the owner and manager of Expert Home Exteriors and in that capacity was responsible for hiring Plaintiffs, deciding how Expert Home Exteriors would compensate Plaintiffs for their work, and deciding how to spend or dispose of monies belonging to Expert Home Exteriors. (ECF No. 1 at ¶7.) According to the complaint, Plaintiffs spent six weeks working for Expert Home Exteriors and Espinal on two Wisconsin construction projects, working at least 9 hours per day, 7 days per week, generally between the hours of 8:00

a.m. and 6:00 p.m. (*Id.* at ¶ 8.) The complaint also alleges that Plaintiffs worked on one project for Expert Home Exteriors during weeks two through six, that Expert Home Exteriors was paid in full for its work on this project, and that Espinal decided to use these monies to cover Expert Home Exteriors' other business expenses, including paying wages to himself, and to not make any payments of wages to Plaintiffs. (*Id.* at ¶¶13, 21-24.)

The Complaint also pleads claims for theft by contractor and civil theft against Espinal. For a theft by contractor claim under Wis. Stat. §779.02(5) against a corporate officer such as Espinal, Plaintiffs must establish that Expert Home Exteriors received payment in return for making improvements on the owners' land, that the payment was ultimately made by the project owner, that Expert Home Exteriors used resulting trust funds for purposes other than paying for labor and materials though claims for labor and materials have not been paid in full, and that Espinal as a shareholder, member, or partner of Expert Home Exteriors was responsible for misappropriation of trust funds. *See* Wis. Stat. §779.02(5). Here, the complaint satisfactorily alleges that Expert Home Exteriors received full payment in the amount of $130,000 for its work on a project that included installing siding, columns, and beams plus additional work to finish the project, that $130,000 constituted full payment (ECF No. 1 at ¶¶14-18, 21); that Seamless Siding used funds that it received from the project owner to make the payment of $130,000 to Expert Home Exteriors (*Id.* at ¶21), that Expert Home Exteriors used the $130,000 to pay other business expenses though Plaintiffs did not receive any wages for their work installing the siding, columns, and beams and finishing the project (*Id.* at ¶23), and that Espinal directed Expert Home Exteriors to use the $130,000 in trust funds to pay its business expenses rather than to pay wages owed to Plaintiffs. (*Id.* at ¶23.) The complaint's allegations establish Espinal's liability for theft by contractor.

The complaint similarly pleads a claim for civil theft against Espinal. Wisconsin entitles any person who suffered damage or loss by reason of intentional theft in violation of Wis. Stat. §943.20 to maintain a cause of action against the person who caused the damage or loss, and to recover his actual damages, three times such actual damages as exemplary damages, and the costs of reasonably incurred investigation and litigation expenses. Wis. Stat. §895.446(1) and (3). These remedies provided by §895.446 are available when the plaintiff satisfies the required elements for both civil theft by contractor and criminal theft under §943.20 by a preponderance of the evidence. *Tri-Tech Corp. of Am. v. Americomp Servs, Inc.*, 2002 WI 88 ¶24; 254 Wis. 2d 418. Under Wis.

Stat. §943.20(1)(b), establishing theft requires demonstrating that the defendant acquired possession of money by virtue of his office, business, or employment, and intentionally used the money without the owner's consent, contrary to his authority, and with intent to convert the money to either his own use or use by anyone other than the owner of the funds or the person entitled to receive the money. *See* Wis. Stat. §943.20(1)(b). In this case, Seamless Siding paid Espinal, as the owner of Expert Home Exteriors, $130,000 for its work on the second construction project. Those funds should have been held in trust and used to pay laborers, such as Plaintiffs. Espinal, however, used the $130,000 to cover other business obligations and knowingly failed to pay Plaintiffs the wages due and owing to them. (ECF No. 4 at ¶¶20, 23.) Espinal intentionally used the trust funds, "contrary to his authority as trustee of the funds, and with the intent to convert the funds to the use of Home Expert Exteriors." (*Id.* ¶23.) The complaint thus adequately pleads the required facts to establish civil theft, in addition to the requirements for theft by contractor.

Under Fed. R. Civ. P. 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.3d at 1323. Because the complaint, motion, memorandum of law and accompanying declarations sufficiently establish the amount of damages at issue, the Court will enter default judgment against Expert Home Exterior and Espinal without a hearing.

### I. Motion for Default Judgment Against Expert Home Exteriors.

Having reviewed the allegations of the complaint and defendant's memorandum for default judgment as against Expert Home Exteriors, the Court finds as follows:

- Plaintiffs Enrique Rodriguez, Luis Milla and Kevin Hernandez Trejo are entitled to $2681.48 for damages on their FLSA claim and damages of $5208.83 on their Wisconsin law claims.

- Plaintiffs Oscar Salas and David Mendez are entitled to $2486.77 for damages on their FLSA claim and damages of $5208.83 on their Wisconsin law claims.

An employee is entitled to liquidated damages equal to 100% of the unpaid minimum and overtime wages under the FLSA unless the employer both acted in good faith, and had reasonable grounds for believing its actions or omissions did not violate the FLSA. 29 U.S.C. §216(b); §260. Given its default, Expert Home Exteriors has no reasonable basis for believing the FLSA would allow it to either pay Plaintiffs no overtime premium pay during week one, or

no compensation at all during weeks two through six. Plaintiffs are therefore entitled to 100% liquidated damages on all wages owed to them under the FLSA.

By prevailing on their §109.03(5) wage claim, Plaintiffs also become eligible to recover 50% liquidated damages under Wis. Stat. §109.11(2)(a), given that they did not pursue any DWD remedies before filing this lawsuit. §109.11 liquidated damages are available when an employer withheld wages for dilatory or other unjust reasons. *Johnson v. Roma II-Waterford, LLC*, 2013 WI App 38 ¶ 44, 346 Wis. 2d 612. Here, again given the default, Expert Home Exteriors had no just reason to refuse to pay any wages to the Plaintiffs for their hours worked during weeks two through five, in particular when it was paid by its general contractor for its work during these weeks. (Complaint, ¶21.) Plaintiffs are therefore entitled to 50% liquidated damages under Wisconsin law. In sum, Plaintiffs are entitled to the following damages as against Expert Home Exteriors:

- Rodriguez: $2,681.48 x 2 + $5,208.83 x 1.5 = **$13,176.2**
- Milla: $2,681.48 x 2 + $5,208.83 x 1.5 = **$13,176.21**
- Hernandez Trejo: $2,681.48 x 2 + $5,208.83 x 1.5 = **$13,176.21**
- Salas: $2,486.77 x 2 + $5,208.83 x 1.5 = **$12,786.79**.
- Mendez: $2,486.77 x 2 + $5,208.83 x 1.5 = **$12,786.79**.

**II.  Motion for Default Judgment Against Espinal.**

Having reviewed the allegations of the complaint and defendant's memorandum for default judgment as against Roberto Espinal, Jr., the Court concludes Plaintiffs are entitled to the following damages against Espinal.

First, Plaintiffs are entitled to be paid for their travel time away from their home communities, which occurred during regular working hours. *See* 29 C.F.R. §785.39 ("Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. . . . The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days.") Plaintiffs spent nine hours traveling from Virginia to Wisconsin that occurred during their regular working hours of 8 a.m. to 6 p.m. (ECF No. 1 at ¶9.) Each Plaintiff is therefore entitled to the minimum wage of $7.25 for nine hours for a total of $65.25 x 5, or $326.25.

Second, Plaintiffs are entitled to minimum wage and overtime pay. During the first week, Plaintiffs Rodriguez, Milla and Hernandez Trejo earned and received a total of $3,200 in piece rates for working 63 or more hours each during the week, so their regular rate for the week can be computed as $3,200 divided by 3 then divided by 63 hours, or $16.93 per hour. (*Id.* ¶ 11.) Each Plaintiff is entitled to FLSA overtime premium pay of $16.93/2 x 23, or $194.71. Total overtime wages owed to Plaintiffs for week one is therefore $194.71 x 3, or $584.13. During weeks two through five, each of the five Plaintiffs worked at least 63 hours each for defendants without receiving any pay. (*Id.* at ¶¶8, 13, 21.) Plaintiffs are each entitled to the minimum wage of $7.25 per hour for their first 40 hours worked during each week, and 1.5 times the minimum wage of $7.25 for their hours worked over 40 during each week. Each Plaintiff for this week is entitled to $7.25 x 40 + $7.25 x 1.5 x 23, or $540.13. Total owed minimum wage and overtime wages equal $540.13 x five plaintiffs x five weeks, which equals $13,503.25.

During week six each of the five Plaintiffs worked 27 hours for defendants in Wisconsin before traveling back to Virginia, with nine of the travel hours occurring during their regular working hours of 8 a.m. to 6 p.m. (*Id.* at ¶¶8, 18-19.) Plaintiffs therefore should be credited with 36 hours worked each during this week for total FLSA straight time damages of $7.25 x 36 hours, or $261 each. The total amount of FLSA minimum wages owed to the Plaintiffs therefore is $261 x 5, or $1305.

Total FLSA minimum and overtime wages owed to Plaintiffs is therefore $15,392.38. Under 29 U.S.C. §216(b), Plaintiffs are entitled to an equal amount as liquidated damages, so the total FLSA damages that Defendant Espinal should be held liable for is $15,392.38 x 2, or $30,784.76.

### B. Espinal's personal liability for theft by contractor and civil theft

Plaintiffs worked on a single project during weeks two through five, for which they were promised wages by Expert Home Exteriors. Because it has been established that Expert Home Exteriors was paid in full for its work on the project, but for Espinal's theft, Plaintiffs would have received all promised wages for their work on the project. (*Id.* at ¶21). The amount of pay that Plaintiffs were promised, and that they did not receive include $300 per square for 29.1 squares that they installed during week two, $300 per square for 29.6 squares that they installed during week three, $150 per column for 61 columns they installed during week four, and $100

per beam for 22 beams that they installed during week five, for total losses of $300 x 29.1 + $300 x 29.6 + $150 x 61 + $100 x 22, for a total of $28,960.

Because Plaintiffs are not entitled to FLSA minimum wages and the full promised wages for the same work, Plaintiffs acknowledge that any FLSA minimum wages awarded to Plaintiffs should be offset against the monies they lost because of Espinal's theft by contractor. There is no offset of overtime wages because the wages that Plaintiffs were promised did not include any overtime premium pay. For each week Espinal is thus entitled to an offset of 63 hours times the minimum wage of $7.25 times five plaintiffs, for a total of $2,283.75. Because the offset exceeds the $2,200 in total wages that Plaintiffs were promised for week five, the offset for week five is $2,200. A total of $2,283.75 x 3 + $2,200 or $9,051.25 therefore is offset.

The FLSA offset does not affect the amount of exemplary damages for which Espinal is liable. The $9,051.25 consists of wages that Plaintiffs were promised, and that they would have received but for Defendant Espinal's theft. Counting treble exemplary damages, total theft damages Espinal owes to Plaintiffs is $28,960 x 4 - $9,051.25, or $106,788.75. Total damages that Espinal owes to Plaintiffs therefore equals $30,784.76 in FLSA damages plus $106,788.75 for theft by contractor and civil theft, for a total of $137,573.51.

**III.    Plaintiffs are Entitled to Attorneys' Fees Incurred in Prosecuting this Lawsuit.**

The prevailing plaintiff in a FLSA lawsuit is entitled to recover his attorneys' fees and costs incurred in prosecuting the action. 29 U.S.C. §216(b). The prevailing plaintiff in an action for civil theft similarly is entitled to recover his reasonably incurred costs of investigation and litigation. Wis. Stat. §895.446(3)(b). Actual attorneys' fees are included in the costs of litigation. *Estate of Miller v. Storey*, 2017 WI 99 ¶6; 378 Wis. 2d 358.

Under a fee shifting provision the prevailing party is entitled to market value attorneys' fees, rather than only the fees that he actually paid to his lawyer. *Cent. States Pension Fund* v. *Cent. Cartage Inc.*, 76 F. 3d 114, 116 (7th Cir. 1996). Plaintiffs' attorney, Yingtao Ho, is a litigator who has over 19 years of experience including 9 years representing plaintiffs in wage and hour litigation. (ECF No. 9, ¶3.) The Court has reviewed Attorney's Ho's request for fees and Ho has conservatively set the market value of his services at $250 per hour.

As against Expert Home Exteriors, Attorney Ho seeks a total of $1,637.50 for attorneys' fees which represents 6.55 hours. Attorney Ho also seeks costs incurred by the Plaintiff to prosecute this action of $487.00

As against Espinal, Attorney Ho seeks a total for a total of $2,837.50 for attorneys' fees which represents 11.35 hours of time. The Court finds to the attorneys' fees and costs to be supported by the documentation and reasonable.

**Accordingly**,

**IT IS ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2) against defendant Expert Home Exteriors, LLC (ECF No. 7) is **GRANTED**. Plaintiffs are awarded the following damages. Plaintiffs Rodriguez, Milla, and Hernandez Trejo are each awarded **$13,176.2**. Plaintiffs Salas and Mendez are each awarded **$12,786.79**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2) against defendant Roberto Espinal, Jr., (ECF No. 19) is **GRANTED**. Plaintiffs are awarded damages in the total amount of $30,784.76 for Plaintiffs' FLSA claims and $106,788.75 for Plaintiffs' theft by civil contractor and civil theft claims for a total of **$137,573.51**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded their attorneys' fees and costs in the amount of **$4,962.00** against defendants.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 21, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge